# MEMORANDA

CAUSES DECIDED DURING THE PERIOD EMBRACED IN THIS
VOLUME, WHICH ARE NOT REPORTED IN FULL.

ANA RIVAS DE HERQUES, Appellant, *v.* CARLOS MARTI, as Executor, etc., Respondent.

*The fact that real estate is affected does not prevent the operation of the doctrine of estoppel.*

(Submitted March 10, 1881 ; decided April 19, 1881.)

THIS action was brought to recover the rents of certain premises, situate in Cuba, which were received by defendant's testator. The premises formerly belonged to the wife of the testator, who gave and conveyed them to plaintiff, her daughter, upon her marriage, " as an advancement from her estate." After the decease of the mother, the parties interested in her estate entered into agreements with each other in reference thereto. In one of them, stated to be an agreement by all the parties interested in the estate, and by which the distribution of the estate was effected, was the following declaration on the part of the plaintiff :

" Doña Ana Maria Nemesia Rivas, with the consent of her husband, declares that the house No. 9 Gelabert street, Matanzas (which by instrument filed at Havana on the 2d day of September, 1870, in the archives of Don Juan Regueyra, in charge of Don J. F. Rodriguez, was given to her by her deceased mother on account of her share in her mother's estate), by mutual agreement never became her property, and hence the said house has now been treated as a part of the bulk of the estate

to be divided, the same having been allotted to the minor children of her deceased brother Ramon Florentino, and she further declares that by these presents she renounces all right that she might have had in relation to the aforesaid house, the said instrument being, in consequence thereof, canceled and without any validity or effect." The court say: " Now, it matters not, whether the phrase ' by mutual agreement ' is to be read as being an agreement then made, or as an agreement theretofore made and then recognized. The effect is the same, that for the purpose of bringing about a settlement and distribution of her mother's estate, the house at Matanzas is a part of the estate, and is so a part of the estate as if it had never been the appellant's. And the declaration of the appellant, whether it is to be taken as speaking of a prior agreement then recognized and restated, or as of an agreement then first made, does show forth a contract that the appellant never had ownership or absolute and sole interest in the property; that is to say, a contract that she will so act then and thereafter, as if she never, then or in the past, had ownership therein. It is an agreement founded on a good consideration, to wit: that she shall no longer be bound by the advancement; the amicable and speedy settlement and distribution of the estate, by which she got what she preferred, that is, personal rather than real estate, and by which the advancement, being annulled, she got a share in that very Matanzas property. To be sure, no contract could make it, that she never had ownership of the property; but it could make it, and it was the purpose of the parties to make it, that, though she did once have ownership, that ownership was not to come into consideration in a settlement of the mother's estate; it was to go as if it never had been, and nothing was to be based upon the fact that it once existed.

" The instrument goes farther, and that property was allotted to other devisees as a portion of the gift to them, and the appellant renounced all right that she might have had (that is, that she might have had, had she not thus agreed); and she declares the instrument by which the property was given to her by her mother as being canceled and without any validity or effect. The paper states that that instrument is

canceled, invalidated and made of no effect, in consequence of that mutual agreement, and of the house at Matanzas being treated as a part of the bulk of the estate, and having been allotted to other devisees.    *    *    *    Now, whether the acts and declarations of the appellant had or had not the effect, in Spanish law, to cancel the instrument from the mother to the appellant, and to revest the title of the Matanzas house in the mother's estate, they were relied and acted upon by all the other parties interested in that estate ; it will be to the harm of those other parties if the appellant is now permitted to give different effect to those acts and declarations.    She renounced all right that she might have had in relation to that house.    There is every element of an estoppel upon her from now claiming any right in relation thereto. And the fact that it is real estate that is concerned, the title to which and the rights in which are generally to be affected by instruments in writing formally executed, does not prevent the operation of the estoppel.    Looking on in silence and not asserting a right, when other parties are making purchase and transfer of lands, will estop from asserting an antagonistic right therein.    By an estoppel a party is denied from showing the truth when it contradicts what he asserted, and which led another to act.    Now the effect of the appellant's agreement is, that she never owned the house ; shall she now say that she did ? that the house has been treated as a part of the bulk of her mother's estate ? shall she now say that it has not been, and is not ? that it has been allotted to other devisees ? shall she now say that it has not been, and cannot be ? that she renounces all right that she might have had in relation to the aforesaid house ? shall she now say that she did not, and does not, and that rights to the rents that she might have had, she does still have ? that the. instrument that gave ownership to her was canceled, and was without any validity or effect ? shall she now say that it has not been canceled, that it still has validity and effect so as to give her right to demand and have the rents thereof ?    Moreover one of the agreements names by name the house in Matanzas as part of the real estate of the deceased mother.    The other recites that the appellant is fully satisfied with the settlement and distribution, and releases

Ramon de Rivas y Lamar, his executors and administrators, from all demand touching the management of any of the property mentioned in the agreement. It is hard to conceive of an arrangement that more effectually closes the mouth against subsequent claim. The referee finds other facts, as to the return to the mother of the deed from the appellant, the intention with which it was done, and the effect in Spanish law of a return with such intention; but he draws no conclusion of law therefrom. It is not needed that we pursue the subject further. Our judgment is that the agreements of the appellant are sufficient in their legal effect to debar her from claiming those rents from the defendant."

*Coudert Brothers* for appellant.

*Will. Man* for respondent.

FOLGER, Ch. J., reads for affirmance.
All concur.
Judgment affirmed.