EMMA J. NICHOLLS, Appellant, v. PHEBE L. WENTWORTH, Respondent.

The owner of one tenement may acquire an easement over the premises of another by an open, notorious, and continuous user, for more than twenty years, under a claim of right, adverse to the owner and with his knowledge and acquiescence.

R. and W. being owners of adjoining lots in a village, in 1849 opened an alley-way between them, one-half being on the lot of each; each erected a fence bounding the alley, on his own land, and they and their grantees respectively thereafter kept up and maintained the fences, and mutually and uninterruptedly down to 1880, used the alley as a private way, and for passage with their horses and carriages to reach the stables and other structures on the rear of the lots; each party built barns on his lot adapted to such joint use of the alley, which have been since maintained. In 1869 plaintiff purchased R.'s lot, and, at the suggestion of W., caused a clause to be inserted in her deed describing the alley as being half on each lot, and granting such right of way therein as the said parties can lawfully grant to be used and enjoyed in common with the owners' of the adjoining lot; the conveyance being made subject to the right of said adjoining owner in said alley. *Held*, the testimony authorized a finding that the use of the alley had been for more than twenty years open, notorious and well known, under a claim of right, and adverse to the exclusive ownership of any part of the way in defendant who claimed under W.; that the declaration in the deed, participated in by both adjoining owners,

not only characterized any subsequent use of the alley as being made under a claim of right, but authorized the inference that the prior user had been exercised under a similar claim ; and that plaintiff was entitled to maintain an action to restrain defendant from a threatened obstruction of the way by the building of a fence on the line of the lots.

*Wiseman* v. *Lucksinger* (84 N. Y. 31), distinguished.

(Submitted October 13, 1885; decided November 24, 1885.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, made January 9, 1883, which reversed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

This action was brought to restrain defendant from erecting a fence which the complainant alleged defendant threatened to build in an alley-way between and partly upon the lots of each. The answer admitted the intent to erect the fence, but claimed the right as owner of the land to inclose that portion of the alley upon her lot.

The facts so far as material are stated in the opinion.

*Ransom & Joyce* for appellant. Twenty years uninterrupted and unqualified enjoyment of such a right as plaintiff claims is decisive evidence of a grant. The law requires the jury to presume and find it. (*Lansing* v. *Wisewell*, 5 Denio, 213 ; 5 How. Pr. 77 ; *Hammond* v. *Zehner*, 21 N. Y. 118 ; *Tranger* v. *Sassaman*, 14 Penn. St. [2 Harris] 574 ; *Corning* v. *Gould*, 16 Wend. 534 ; *Worral* v. *Rhoade*, 2 Whart. [Penn.] 427 ; *Coolridge* v. *Leonard*, 8 Pick. 509 ; *Blake* v. *Everett*, 1 Allen, 248 ; Wash. on Easem. and Serv. [3d ed.] 137.) The use of an easement for twenty years unexplained will be presumed to be under a claim or assertion of right and adverse, and not by the leave or favor of the owner, and becomes sufficient to raise the presumption of a grant. (*Miller* v. *Garlock*, 8 Barb. 153 ; *Ward* v. *Warren*, 15 Hun, 600 ; 82 N. Y. 265 ; *Combs* v. *Vigotty*, 12 Weekly Dig. 432 ; *Parker* v. *Foote*, 19 Wend. 308 ; *Kana* v. *Bolton*, 36 N. J. Eq. 21 ; *Cox* v. *Forrest*, 60 Md. 74.) And so if under a parol consent, or parol gift, or parol contract. (*Stearns* v. *Janes*, 12 Allen, 582 ; *Barnes* v.

*Haynes*, 13 Gray, 188 ; *Townsend* v. *Bissell*, 4 Hun, 297 ;
*Craven* v. *Rose*, 3 S. Car. [Richardson] 72 ; Wash. on Easem.
and Serv. [3d ed.] 137. The use by the successive owners
of lot 15, of that portion of lot 6 covered by the way, was not
interrupted by the change of ownership, but is to be deemed
continuous. (*Leonard* v. *Leonard*, 7 Allen, 277 ; *Miller* v.
*Garlock*, 8 Barb. 155 ; *Kana* v. *Bolton*, 36 N. J. Eq. 21 ; 3
Kent's Com. 444 ; Wash. on Easem. and Serv. [3d ed ] 157.)
The user once begun passed by the conveyances of lot 15 from
Reynale down to Mrs. Holly as an appurtenance, and each deed
had that effect, although the way was not mentioned nor the
word "appurtenances" used therein. ( *Voorhees* v. *Albro*, 18
N. Y. 48 ; *Kent* v. *Waite*, 10 Pick. 138 ; *Newman* v. *Nellis*,
97 N. Y. 285 ; 4 Kent's Com. 467, marg. p., note *d.*) There-
fore, Mrs. Holly in 1866, or thereabouts, acquired a full right
to the easement in question by prescription, and it attached to
and would have gone with that part of lot 15 conveyed by her
to plaintiff without being specially described in plaintiff's deed.
(Wash. on Easem. and Serv. [3d ed.] 36.) The appurtenances
which pass are not limited to those which are absolutely neces-
sary to the enjoyment of the property conveyed ; it is sufficient
if full enjoyment of the property cannot be had without them.
(*Simmons* v. *Cloonan*, 81 N. Y. 557 ; *Adams* v. *Conover*, 87
id. 422.) The owner of a servient tenement has always a right
to put gates or bars across the way so long as he does not inter-
fere with the user by the owner of the way. (Gerard's Titles [2d
ed.], 656 ; Wash. on Easem. and Serv. [3d ed.] 230, 264 ; *Bake-
man* v. *Talbot*, 31 N. Y. 366 ; *Huson* v. *Young*, 4 Lans. 64.)
Defendant is estopped from denying plaintiff's right to the ease-
ment. (Wash. on Easem. and Serv. [3d ed.] 97 ; *Cheney* v. *Ar-
nold*, 18 Barb. 434 ; 3 Kent's Com. 442, marg. p., note *c ; De
Herques* v. *Marti*, 85 N. Y. 609 ; *Brown* v. *Brown*, 30 id. 519 ;
*Storrs* v. *Barker*, 6 Johns. Ch. 166.) When the plaintiff had
shown an actual user for more than twenty years by herself and
grantors of that part of the way covering land of defendant,
her case was made out *prima facie.* (1 Greenl. on Ev. [Redf.

ed.], § 74; *Haight* v. *Badgley,* 15 Barb. 499 ; Wash. on Easem. and Serv. [3d ed.] 137, 138.) If defendant claimed the user was by license or permission or matter of favor from her or her testator, she should have pleaded it. (*Clifford* v. *Dam,* 81 N. Y. 52; 1 Van Santv. Pl. [2d ed.] 469, 470.) Under the evidence the use of the alley by the owner of lot 15 has been open and notorious and well known to the owner of lot 6, and was under claim of right and was adverse. (*Ward* v. *Warren,* 15 Hun, 600.) Where the original way has been altered by consent of parties the altered way is subject to the same equities as the original way. (*Hamilton* v. *White,* 4 Barb. 60 ; 5 N. Y. 9 ; *Smith* v. *Lee,* 14 Gray, 73 ; *Pope* v. *Devereux,* 5 id. 409.)

*John T. Murray* for respondent. Even if the plaintiff and defendant had derived their title from a common grantor, where the rule in regard to uses is to uphold if possible the easement as between grantor and grantee, the several conveyances prior to 1869 would defeat the plaintiff's claim. (*Parsons* v. *Johnson,* 68 N. Y. 62.) If this was an action to recover real property between these parties, as the Code now stands, the production of defendant's title by will would end the matter and the law would deem the possession of the plaintiff to be under and in subordination to the legal title. (Code, § 368.) The General Term in reversing the judgment of the Special Term has correctly decided and disposed of this case as to the law and facts. (*Cronkhite* v. *Cronkhite,* 94 N. Y. 383.) An easement of the character claimed can only be created by deed or grant, or by prescription from which a grant can be inferred. (2 R. S. 134, § 6 ; *Wiseman* v. *Lucksinger,* 84 N. Y. 31.)

RUGER, Ch J. The General Term reversed a judgment awarding a perpetual injunction against the defendant from obstructing a certain alley, upon the ground that the evidence did not authorize the finding made by the trial court, that the use of the alley by the plaintiff and her grantors had for a period of more than twenty years been open, notorious and

well known, under a claim of right, and adverse to the exclusive ownership of any part thereof by the defendant.

The order of reversal must be deemed to have been made upon questions of law as it does not specify that it was made upon questions of fact. (Code of Civ. Pro., § 1338; *Davis* v. *Leopold*, 87 N. Y. 620; *Rider L. R. Co.* v. *Roach*, 97 id. 378.) The only question, therefore, for our consideration is whether there was sufficient evidence, to support the finding of the trial court, and the legal conclusions predicated thereon, that such a user will establish a right in one party, to an easement in the land of another, if continued for a sufficient length of time. There is no conflicting evidence in the case, and the finding was based upon undisputed testimony. It showed that in the year 1846, one Reynales and Wentworth being owners of adjoining lots on Church street, in the village of Lockport, opened an alley-way about fifteen feet in width, one-half lying on each side of the dividing line, and then commenced and mutually continued to use the same, either by themselves or their respective grantees, uninterruptedly from that time to the year 1880, as a private way to reach the stables and other structures on the rear of their respective lots. Each party erected fences bounding the side of the alley on his own land and they have each substantially maintained them until the present time. Each party built barns on their respective lots adapted to the joint use of such alley and have ever since occupied them, and have used said alley in passing over and through the same with their horses and carriages, etc., from Church street to and from such barns and other structures. In 1869 the plaintiff purchased of its owner the westerly half of the lot lying south of said alley, and at the suggestion of the defendant's husband, who was then and for a period of twenty-five years had been the owner of the northerly lot adjoining said alley, caused to be inserted in her deed a clause describing the alley as being half on each lot and continuing as follows: "together with such right of way in the alley aforesaid from Church street to the north end of the premises above described as the said parties can lawfully grant to be used and enjoyed

always in common with the owners of the remaining east part of said lot No. 15, and the owner or owners of the said lot next north of said lot No. 15 who have an interest or right of way in common in said alley, and this conveyance being made subject to the right of the owner of said lot north of said lot No. 15 on said alley." It also appears that the plaintiff about the same time built an expensive house on her lot which was so adapted thereto, that she could not conveniently obtain access to her stable in the rear except through the alley in question.

There is no evidence in the case conflicting with the presumption of mutual grants by the respective owners to each other of the right of way in question, or with the deductions logically flowing from the declaration made in the deed above referred to, by the owner of one lot and the acquiescence therein of the other, of the existence of a right in the alley capable of being conveyed and acquired under such a deed. Such a declaration participated in by both adjoining owners not only characterized any subsequent user of the alley as being made under a claim of right, but authorized the inference that the prior user and possession had been exercised and possessed under a similar claim. The declaration of the defendant's devisor made previous to the opening of the alley, that the owners of the said lots intended to lay out and open an alley on the boundary line for the use of their respective premises, tends to confirm the presumption of a mutual grant of a right of way over the premises in question.

There being no direct evidence of the agreement under which the user commenced there is nothing to rebut the presumption of a mutual grant, flowing from the acts of the parties, in fencing the inclosure and exercising the right of passage thereover, without question or objection for a period of twenty years.

The doctrine that the owner of one tenement may acquire an easement over the premises of another by the open, notorious and adverse occupation thereof under a claim of right for a period of twenty years is too well settled by the authorities to permit of any dispute. The case of *Barnes* v. *Haynes* (13

Gray, 188) is identical with this in its leading facts, and the opinion, written by Chief Justice SHAW, is so directly in point that we cannot refrain from making a brief extract therefrom. He says: "The use of the common way by each, so far as it was used in and over the soil of the other, was adverse, uninterrupted and used under a claim of right and continued more than twenty years, and thereby each acquired such an easement in that portion of the land of the other which was covered by the way as the other could not lawfully disturb. When such actual uninterrupted use of a way, as of right, is shown to have existed a sufficient length of time to create the presumption of a grant, if the other party relies on the fact that those acts, all or some of them, are permissive, it is incumbent on such party by sufficient proof to rebut such presumption of a non-appearing grant, otherwise the presumption stands as sufficient proof and establishes the right."

The same question has also been recently examined and discussed in an elaborate opinion by Judge EARL, in this court in the case of *Ward* v. *Warren* (82 N. Y. 265) where it was held that proof of an exclusive, continuous, uninterrupted, open and notorious user under a claim of right with the knowledge and acquiescence of the owners of the servient tenement for a period of upwards of twenty years, authorizes the presumption of a grant of the interest so exercised and enjoyed.

The court below refers to the case of *Wiseman* v. *Lucksinger* (84 N. Y. 31) as maintaining some principle conflicting with the views above presented. We do not so understand that case. The proof there showed the understanding under which the user in question commenced, and it was there held that such proof showed a license merely and was revocable by the owner and licensor.

The order of the General Term should be reversed and judgment of Special Term affirmed.

All concur.

Order reversed and judgment affirmed.