# PHILIP MATTES, APPELLANT, *v.* CHARLOTTA FRANKEL AND ANOTHER, RESPONDENTS.

*Estoppel — representation as to the existence of a right of way not mentioned in the deed — it passes as an " appurtenance " — effect of withdrawing improper evidence from the consideration of the jury.*

Philip Mattes conveyed certain premises to Charlotta Frankel and Joseph Schwartz, by a deed which made no mention of a right of way to a barn upon the premises, the only access to which was through a lane which ran between the lot which Mattes sold and the adjoining lot which he retained, and thence across the rear of the lot which Mattes retained. It appeared, however, that just before the deed was given Mattes showed Schwartz the route to the barn, and pointed it out as the right of way to the barn.

Upon the trial of an action brought by Mattes against Frankel and Schwartz for an alleged trespass on the rear of the Mattes lot, Schwartz testified that in purchasing he relied upon this representation of Mattes.

*Held,* that the act of Mattes in pointing out the right of way to the barn as an existing right of way was a representation that such right of way existed, and that as the purchaser had relied upon it Mattes was estopped to deny its existence.

That, although not mentioned in the deed, the right of way would pass under the word "appurtenances" contained in the deed.

That parol evidence, relative to the representations of a grantor prior to the execution of a deed, may be shown to establish an estoppel or fraud.

That where improper evidence is received upon a trial, and the court, without striking out the evidence, withdraws it from the consideration of the jury and instructs them that the only question is one upon which the improper evidence had no bearing, the judgment will not be reversed on appeal.

APPEAL by the plaintiff Philip Mattes from a judgment of the Supreme Court, entered in the office of the clerk of the county of Ulster on the 27th day of May, 1890, upon a verdict in favor of the defendants; and from an order of said court, entered in said clerk's office on the 27th day of May, 1890, denying a motion for a new trial.

*Charles Davis* and *Peter Cantine*, for the appellant.

*Carroll Whitaker*, for the respondents.

PUTNAM, J.:

The parties own adjoining lots on the east side of Partition street, in Saugerties, and the controversy arises out of an alleged right of way claimed by defendants over appellant's lot. In 1854 plaintiff's land was owned by John Glennon, who, with Abigail Heath, owning the adjoining lot on the north, on May 17, 1854, by deed created a lane between the two lots for the use thereof. Defendants own the lot on the east side of Partition street, adjoining plaintiff's lot on the south. On the rear of defendants' lot is a barn, and the only means of access thereto by teams from Partition street is through the above-mentioned lane and across the rear of plaintiff's lot. The testimony shows that the owners or occupants of defendants' lot for over thirty years prior to this action, both before and after its purchase by plaintiff, have used to a greater or less extent said lane and way across plaintiff's lot as a means of access to said barn.

Plaintiff obtained title to the lot he now owns on May 9, 1867, and to the premises now owned by defendants on April 24, 1869. He remained the owner of both lots until March 12, 1889, when he sold to defendants the property now occupied by the latter. No mention is made in the deed of a right of way across plaintiff's premises or through said lane. Defendant Schwartz and one Lazarus testified, in substance, that just before the deed, and pending the negotiations leading to the purchase, plaintiff went with the said witnesses from Partition street, east, through the lane, and from the end of the lane through a gate across the rear of his lot to the barn and pointed out the said route *as the right of way to the barn*, and Schwartz testified that in making the purchase he relied upon such representations. There was conflicting evidence as to the representations made by the plaintiff, presenting a question of fact which

was properly submitted to the jury. Plaintiff, shortly before the action, fastened up the gate at the end of the lane, thus preventing access by defendants to their barn. They broke the fastenings and plaintiff brought this action. Defendants claim a right of way by necessity and also by prescription. The trial judge held that defendants established no right of way by necessity or prescription and withdrew these questions from the jury, but submitted the question whether the alleged representations of plaintiff as to the right of way were, in fact, made; and if made, he instructed the jury that "the plaintiff so practically located what he sold as to give the defendants such a license, coupled with such an interest to go through this alley, that he cannot and ought not to be permitted to revoke it."

Concurring with the view of the court below, that the evidence did not establish a right of way by necessity or prescription, the only question for our consideration is whether plaintiff having, as determined by the verdict at the time of the purchase, represented that there was a right of way to the defendant's barn as now claimed by them, is estopped by such representations. The plaintiff was selling to defendants a lot of land with a barn on the rear. It was apparent that there was no access to the barn for teams, except through the lane in question and across the rear of the lot retained by plaintiff. The parties during the negotiations walked up this lane and across the plaintiff's lot to the barn, and (as the jury found on the conflicting evidence), plaintiff referring to the way across his lot and the lane in question, said : " *Here is the right of way to this barn.*" After the execution of the deed defendants used this right of way for a period, and with plaintiff's consent put a staple and hook on the gate, plaintiff at the time referring to the way as " *defendants' right of way.*"

If in the conversation between the parties at the time of the purchase plaintiff had simply remarked that defendants should have a right of way to the barn over his property, the agreement would have been invalid and unenforceable, no such right being reserved or given in the deed. But the testimony shows not an agreement that defendants might use a right of way, but a representation that such a right of way, in fact, existed. Plaintiff having made such representations when defendants purchased, and the latter having relied thereon, is plaintiff now prevented from

denying the existence of such an easement? The fact that real estate is affected does not prevent the operation of the doctrine of estoppel. (*De Herques* v. *Marti*, 85 N. Y., 609; *Mattoon* v. *Young*, 45 id., 696; S. C., 2 Hun, 559; *Trustees* v. *Smith*, 118 N. Y., 641)

The deed to defendants conveyed the appurtenances with the lot, without mentioning or describing the right of way in question. But if such a right of way existed as represented by plaintiff, it would pass by the deed as an appurtenance. (4 Kent's Com., 467; Girard on Titles to Real Estate, 520; *Parsons* v. *Brown*, 5 Hun, 112; *Huttemeier* v. *Albro*, 18 N Y., 48.)

Plaintiff having represented to defendants when they purchased that the right of way existed, and the latter having relied upon such representations, can the plaintiff now deny that such a right of way, in fact, exists? The rule applicable in such a case is stated in *Trustees, etc.,* v. *Smith* (*supra*, at page 641): "When a party, either by his declarations or conduct, has induced a third person to act in a particular manner, he will not afterwards be permitted to deny the truth of the admission if the consequence would be to work an injury to such third person or to some one claiming under him."

I think, therefore, *as between these parties*, the right of way must be deemed to exist as represented at the time of the purchase. The plaintiff cannot now deny representations made during the negotiations which, doubtless, induced the action of the defendants.

It follows that the court below correctly disposed of the case. Withholding all other questions from the jury, he allowed them to pass on the question whether the plaintiff, in fact, represented to defendants at the time of the purchase that the right of way as claimed existed. And if the jury found that such representations were made and relied on, instructed them that the plaintiff was estopped from denying the existence of said right of way.

The appellant claims that the court below erred in receiving parol evidence as to negotiations prior to the deed. (*Corse* v. *Peck et al.*, 102 N. Y., 513.) The doctrine in the authority above cited is not applicable in this case. Parol evidence as to the representations of a grantor prior to the execution of the deed may be shown to establish fraud or an estoppel. (See cases cited above, also, *Newman* v. *Nellis*, 97 N. Y., 285.)

The appellant further suggests that the court erred in receiving and refusing to strike out the evidence tending to establish the right of way claimed by prescription. Assuming that such testimony was incompetent, yet the court, in his instructions to the jury, withdrew this evidence from their consideration and stated that the only question for them was as to what occurred between plaintiff and defendants at or immediately prior to the purchase as to this right of way. He instructed the jury clearly that the evidence did not establish a right of way by necessity or by prescription, and that those questions were not for them to consider. It was formerly held that an error in receiving improper evidence was not cured by a direction of the judge to the jury to disregard it. (*Erben* v. *Lorillard*, 19 N. Y., 299.)

In *Gall* v. *Gall et al.* (114 N. Y., 122), the court held that if improper evidence was erroneously received and stricken out the error was cured.

In *Holmes* v. *Moffat* (120 N. Y., 162), improper evidence having been erroneously received, the Court of Appeals determined that a direction of the judge to the jury to disregard such evidence was equivalent to striking it out. Under this authority the receipt of the evidence in question by the court and refusal to strike out the same does not require a reversal of the judgment, the court having directed the jury to disregard it.

The appellant insists that the court below erred in denying the motion for a new trial on the ground that the verdict was against the weight of evidence. We think that this is a case where the trial court properly submitted to the jury the question of fact in the case. There was conflicting evidence, and although we might on reading the testimony reach a different conclusion from that arrived at by the jury, yet we are unable to say that the evidence was so strongly preponderating in favor of the plaintiff as to render a reversal of the judgment proper.

The judgment should be affirmed, with costs.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment affirmed, with costs.