PAULINA COLBURN, Appellant, *v.* ADAM MARSH and Others, Respondents.

68   269
144a 657

68   269
86   385

68   269
35ap 10

68h      269
f168 NY ³531

68h      269
78 AD³586

68h      269
40 Mis³438

*Easements — right of way by prescription — adverse user — fencing — presumption that open user was under a claim of title and adverse — appurtenance.*

The statutory rule (Code of Civil Procedure, § 372) which prescribes either a substantial inclosure or usual cultivation or improvement as a necessary condition of adverse possession by a person claiming title to land not founded upon a written instrument, has no application to the case of an easement, as, *e. g.*, that of a right of passage.

While fencing the sides of an alleged right of way is not necessary for the purpose of showing that the user was adverse, it may be important as showing the definite location and notorious use of the right of way, and as tending to show the exclusive character of the claim of right asserted in its use.

Not only does the presumption of a grant arise from the fact of open, notorious, uninterrupted, undisputed and adverse user of an easement of right of way, but every such user is presumed to have been under claim of title and adverse;

and the burden is upon the party alleging that the user was by virtue of a license or permission to prove that fact by affirmative evidence.

The presumption that such open and uninterrupted user was under a claim of right, and, therefore, adverse is a refutable presumption.

An easement of right of way, established by such user, passes under the term "appurtenances" in a deed of the dominant estate.

APPEAL by the plaintiff, Paulina Colburn, from a judgment of the Supreme Court, dismissing the complaint on the merits, entered in the office of the clerk of Chautauqua county on the 18th day of January, 1892, upon the report of a referee.

*William H. Henderson,* for the appellant.

*J. I. Fowler,* for the respondents.

DWIGHT, P. J.:

The action was to restrain the defendants from obstructing or interfering with the plaintiff's use of an alleged right of way across a portion of the defendants' farm. There is no conflict of evidence upon any material question of fact in the case. The only question is whether the undisputed evidence establishes an irrefragable title in the plaintiff, by prescription, to the easement in question. It is our conclusion that such is the effect of the evidence. The contention to the contrary which is sustained by the learned referee, is to the effect that the user upon which the plaintiff relies to establish her title to the easement was by the license and consent of the defendants' grantor.

The unquestioned facts of the case are to the following purport: As early as the year 1832, Nathan Phillips, the defendants' grantor, by mesne conveyances, occupied the lot of eighty-five acres now owned and occupied by the defendants, in the town of Carroll in Chautauqua county, of which he afterwards, and in the year 1836, received a deed from the Holland Land Company, and on which he lived until his death in 1853.

At the earliest date above mentioned the lot of fifty acres adjoining Phillips' lot on the north and cornering with it on the east, was occupied by one Benjamin Russell. There was no highway contiguous to the fifty acres, the nearest public road being one known as the Frewsburg road, which traversed the Phillips lot in a direction from southwest to northeast, and approached to within twenty

rods from the corner of the two lots. At that time Russell had access to the highway from the fifty acres by means of a lane or roadway which ran from the south line of the fifty acres to the road, at a point where the distance between the two was about twenty-nine rods; its location was that of the right of way here in question. Sometime before the year 1838, Vearon Eaton, the father and grantor of the plaintiff, succeeded to Russell in the occupancy of the fifty acres, and in that year he received a deed of the lot from the Holland Land Company, and continued to occupy it until his death in 1881. In that year he conveyed the fifty acres, with appurtenances, to the plaintiff, excepting eleven acres off the west end which he had previously conveyed. The plaintiff has occupied the land conveyed to her from that time to the present, and has made use of the right of way in the same location and in the same manner as her father and Benjamin Russell had done before she became the owner of the lot, except for the interference therewith on the part of the defendants which it is the object of this action to restrain.

It is unnecessary to recapitulate the facts of the case in greater detail. It is sufficient to say that the undisputed evidence exhibits a user of the right of way in question by the successive occupants of the fifty acres, or what is known in the case as the Eaton farm, not only for twenty years, but for a period sufficient to satisfy the ancient rule of the common law; literally, a period beyond which the memory of man runneth not. No witness speaks of a time when the right of way was not used, and the witness who speaks of the remotest date mentioned in the case, knew the right of way as then in use. The user was during all that time open, notorious, necessarily known to the owners and occupants of the Phillips farm. Even at the remotest date above mentioned the lane or roadway was fenced on one side, and it came to be fenced on the other side as soon as the land was so far cleared and improved as to render fencing convenient to the uses to which it was put. And so the evidence discloses that during the whole period covered by the memory of all but the oldest witnesses in the case, the right of way in question was marked by fences on both sides down to the time, less than twenty years before the commencement of this action, when the interference began of which the plaintiff complains.

The evidence of such fencing is important as showing the definite location and notorious use of the right of way, and, chiefly, as tending to show the exclusive claim of right asserted in its use. It was not necessary for the purpose of showing that the user was adverse. The statutory rule embodied in the Code of Civil Procedure (§ 372) which prescribes either a substantial inclosure or usual cultivation or improvement, as a necessary condition of adverse possession by a person claiming title to land not founded upon a written instrument, has no application to the case of an easement as of passage. Such an easement is an incorporeal right, and may as well be asserted and exercised over and upon an open and uncultivated field as upon one substantially inclosed and usually cultivated. Indeed inclosure and cultivation are likely to be derogatory to the free exercise of a right of passage over land, and, in this case, the interference with the plaintiff's right complained of, consisted, in great part, of an attempt to cultivate by plowing so near the roadway as to obstruct its convenient use for the passage of wagons.

It was apparent from the outset of the examination of this case that its determination depended, not upon any question of the open and notorious character of the use of the right of way, nor of its continued, uninterrupted and undisputed exercise for a period much longer than necessary to establish title to the easement, but upon the sole question whether such user was under a claim of right and, therefore, adverse. And here we think the learned referee was in error in failing to give the proper force and application to the presumptions which arise from the established facts of the case. We suppose it to be entirely settled as the law of this State that not only does the conclusive presumption of grant arise from the fact of open, notorious, uninterrupted, undisputed and adverse user of such an easement, but that every user — in other respects answering the definition given — is presumed to have been under claim of title and adverse, and that the burden is upon the party alleging that the user has been by virtue of a license or permission to prove that fact by affirmative evidence. The first of these propositions is scarcely disputed in this case. It is supported by the elementary writers on the subject, and has been constantly enforced by our courts. (See 2 Greenleaf's Evidence, § 537; *Ward* v. *Warren*, 82 N. Y. 265; *Nicholls* v. *Wentworth*, 100 id. 455, and the authorities cited in

each.)   The second proposition is also well supported by authority. In *Miller* v. *Garlock* (8 Barb. 153), Judge PAIGE says : " The use of an easement for twenty years, unexplained, will be presumed to be under a claim or assertion of right, and adverse, and not by leave or favor of the owner ; " and in *Hammond* v. *Zehner* (21 N. Y. 118),. which was an action for damages caused by flowing lands, the ques-- tion is stated by the court to be whether the uninterrupted use of the dam for twenty years was sufficient defense, without other man- ifestation of an adverse possession than the effect which it produced during that time upon the plaintiff's land ?   In other words, will the uninterrupted use of the easement be presumptive proof of . an adverse possession ?   And the question . was adjudged in the affirmative.

The rule is .certainly well founded in principle.   The presumption is evidently based upon experience of the conduct of men in given circumstances.   It is contrary to probability that the owner of land should quietly submit to a long-continued use of a portion of it, by a person without right, in such manner as to be injurious to his. estate.   Kindly feeling and good neighborhood may induce such a. concession now and then or for a brief time, but submission to such a burden without protest or objection for a long series of years. naturally raises the presumption of a right asserted and conceded.

But the referee, in response to a request of the plaintiff, has made a special finding of fact altogether in accordance with the last-men- tioned presumption.   The request related to the use of the easement. by Vearon Eaton during the last eleven years of his life, while the. Phillips farm was occupied by one Thayer, who was one of the. grantees of Nathan Phillips.   The finding is that " during all the time the said Hiram E. Thayer occupied said Phillips farm, as. before stated, the said Vearon Eaton occupied the said Eaton farm,. and during all said time he used and occupied said lane and road- way in passing to and from said Frewsburg highway, as the same had been previously used by him, under claim of title thereto and of right so to use the same, exclusive of any other right."

It is true that in his general report the referee finds, in substance, that the original user by Eaton began in a mutual understanding between himself and Phillips, without deed or conveyance of the

right of way, and without consideration for the license given by the one for the accommodation of the other.

By what means the learned referee was able to reconcile the general and special findings referred to is not clear, but it is certain that the former has no competent evidence to support it. The only testimony which tends to that effect consists of certain declarations of Phillips himself, made to members of his own family in the absence of Eaton, and never communicated to him. This testimony was received under the objection of the plaintiff, and was clearly incompetent. It was offered, no doubt, in response to testimony on the part of the plaintiff, objected to by the defendant, showing declarations of Eaton to the effect that he had a deed of the right of way. In respect to the testimony of this character, on either side, it is to be observed that it was the easement alone which was in question; that Eaton was in possession of the easement during the whole period of his life, which is covered by the evidence, and that Phillips was never in possession of the easement, so that if the doctrine that the declarations of the party in possession are competent as evidence to characterize his possession, has any application to easements, the rule would apply in favor of the declarations of Eaton, and not in favor of those of Phillips. But it is not necessary to discuss that question; the declarations of Phillips were clearly incompetent, and should have been excluded, and they may now be disregarded. The declarations of Eaton may also be disregarded, and the case is then absolutely devoid, on the one hand, of direct evidence of a grant of the right of way, and, on the other hand, of any evidence of a license, permission or mutual understanding between the parties under which the user had its beginning. And so the case would stand, as we think it must stand, solely upon the presumption which necessarily arises from the existence, the mode, the duration and the effect upon the estate of Phillips of the user of the right of way for the benefit of the estate of Eaton. This presumption, viz., that the user was under a claim of right, and, therefore, adverse, is a rebuttable presumption, but there is no evidence in the case to rebut it. That presumption being entertained, there is clearly nothing in the case which militates against the full force of the final and conclusive presumption in favor of the plaintiff, viz., of a grant of the easement for which she contends.

That the easement thus established was appurtenant to the estate of Vearon Eaton, and passed by his deed to the plaintiff, which expressly included the appurtenances of the estate conveyed, admits of no question.    (See the cases already cited and *Huttemeier* v. *Albro*, 18 N. Y. 48; *Newman* v. *Nellis*, 97 id. 285; *Mayor of New York* v. *Law*, 125 id. 380.)

If these views are correct, it follows that the exception of the plaintiff to the finding of fact, to the effect that the user of the right of way by Eaton was by virtue of a license merely, was well taken, as being without evidence to support it, and contrary to the presumptive evidence of a grant, and the conclusion of law based upon such finding must fall with it.

The judgment should be reversed and a new trial granted.

LEWIS, MACOMBER and HAIGHT, JJ., concurred.

