William H. Townsend, Respondent, *v.* Winslow M. Bell et al., Appellants.

1. Appeal — Embodiment of Opinion in Order of Reversal not Equivalent to a Statement that Reversal Was upon the Facts — Code Civ. Pro. § 1338. An order of the Appellate Division reversing a judgment and granting a new trial upon the grounds stated in the opinion "delivered herein and which is hereby made a part of the order," cannot be considered a statement that the reversal was upon the facts, and is not a compliance with section 1338 of the Code of Civil Procedure, especially in a case where the opinion is susceptible of different constructions, and it is a matter of doubt whether the reversal was upon the law or the facts, or both; the reversal must, therefore, be presumed by the Court of Appeals to have been upon questions of law only.

2. When Findings of Fact upon Sufficient Evidence Are Conclusive upon Court of Appeals — Riparian Rights. Where the judgment has been rendered in an action to procure an injunction restraining the defendants from polluting a stream in which the trial court upon

sufficient evidence adopted the findings of a jury that the use of the
stream by them was a reasonable one, and that such use does not render
the waters thereof unfit for manufacturing, mechanical or domestic pur-
poses, a dismissal of the complaint upon the merits must be affirmed.

3. WHEN EXCEPTIONS NOT AFFECTING THE MERITS WILL NOT BE CON-
SIDERED. The fact that issues in the action were framed and submitted
to the jury does not prevent the application of the rule that in an equity
case the Court of Appeals will consider no exceptions either to alleged
errors in the charge or to the rulings which do not affect the merits, and
after the adoption of the findings by the trial court all proceedings, includ-
ing the practice upon review, are the same as if no jury had been called.

Townsend v. Bell, 42 App. Div. 409, reversed.

(Argued May 23, 1901; decided June 11, 1901.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the third judicial department, entered July
17, 1899, reversing a judgment in favor of plaintiff entered
upon a dismissal of the complaint by the court on trial at
Special Term and granting a new trial.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*John J. Linson* for appellants. The reversal not being
stated to be on questions of fact, the findings of the court on
those questions, unless wholly without evidence to support
them, are conclusive in this court. (Code Civ. Pro. § 1338;
*Hinckel* v. *Stevens*, 165 N. Y. 171; *Nat. Harrow Co.* v.
*Bement & Sons*, 163 N. Y. 505; *Spence* v. *Ham*, 163 N. Y.
220; *Spellman* v. *Looschen*, 162 N. Y. 268; *Metcalf* v.
*Moses*, 161 N. Y. 587; *Gannon* v. *McGuire*, 160 N. Y. 476;
*Parker* v. *Day*, 155 N. Y. 383; *Bomeisler* v. *Foster*, 154
N. Y. 229; *Riendeau* v. *Bullock*, 147 N. Y. 269; *Mack* v.
*Colleran*, 136 N. Y. 617.) It being found as matter of fact
that the use which defendants made of the waters of the
stream was a reasonable one, the action was necessarily deter-
mined in their favor, regardless of any other question in the
case, because the right of the plaintiff to the use of the water
of the stream as it should run in its pure and natural state
must yield to the right of the defendants, to use the same in a

reasonable manner for the purposes of their business. (Angell on Watercourses, 240, § 140 ; Gould on Waters, 390, § 220 ; *Strobel* v. *Kerr Salt Co.*, 164 N. Y. 303 ; *Prentice* v. *Geiger*, 74 N. Y. 341 ; *Bullard* v. *S. V. Mfg. Co.*, 77 N. Y. 525 ; *Hayes* v. *Waldron*, 44 N. H. 580 ; *Snow* v. *Parsons*, 28 Vt. 459 ; *Lockwood* v. *Lawrence*, 77 Me. 316 ; *R. R. Mills* v. *Wright*, 30 Minn. 249 ; *Merrifield* v. *Worcester*, 110 Mass. 216 ; *Atty.-Gen.* v. *Gee*, L. R. [10 Eq.] 131 ; *Robertson* v. *Stewart*, 9 G. & M. 189.) The findings of fact are sustained by the evidence. ( *Vil. of Champlain* v. *McCrea*, 165 N. Y. 273.) No error was committed in receiving or rejecting evidence. ( *Vermilyea* v. *Palmer*, 52 N. Y. 471 ; *Forrest* v. *Forrest*, 25 N. Y. 510 ; *Lansing* v. *Russell*, 2 N. Y. 563 ; *McSorley* v. *Hughes*, 34 N. Y. S. R. 945 ; *McClave* v. *Gibb*, 157 N. Y. 413 ; *Acker* v. *Leland*, 109 N. Y. 5 ; *Learned* v. *Tillotson*, 97 N. Y. 1 ; *Jackson* v. *Andrews*, 59 N. Y. 244 ; Angell on Watercourses, 240, § 140 ; *Strobel* v. *K. S. Co.*, 164 N. Y. 303 ; *Prentice* v. *Geiger*, 74 N. Y. 341.) Unless a reversal is stated in the order to be made on the facts, it is conclusively presumed to have been made on the law. (Code Civ. Pro. § 1338 ; *Matter of Laudy*, 148 N. Y. 403.)

*A. T. Clearwater* for respondent. There were legal errors which required the reversal of the judgment of the trial court. If illegal and irrelevant evidence, which bears in the least degree upon the question at issue, is admitted under objection, the error cannot be disregarded upon appeal. (*Anderson* v. *R., W. & O. R. R. Co.*, 54 N. Y. 334 ; *O'Hagan* v. *Dillon*, 76 N. Y. 170 ; *Worrall* v. *Parmelee*, 1 N. Y. 519 ; *Williams* v. *Fitch*, 18 N. Y. 546 ; *Starbird* v. *Barrons*, 43 N. Y. 200 ; *Baird* v. *Gillett*, 47 N. Y. 186 ; *Wilson* v. *Wilson*, 4 Keyes, 413 ; *Osgood* v. *Manhattan Co.*, 3 Cow. 612 ; *Penfield* v. *Carpenter*, 13 Johns. 350 ; *Strang & Mannix* v. *Whitehead*, 12 Wend. 64.) As, on the disputed facts, the plaintiff is entitled to the relief he seeks, the form of the order of the Appellate Division is not material. (*B. & L. L. Co.* v. *B. L. & Imp. Co.*, 165 N. Y. 247 ; *O'Brien* v. *E. R. B. Co.*,

161 N. Y. 539 ; *Benedict* v. *Arnoux*, 154 N. Y. 715 ; *Griggs* v. *Day*, 158 N. Y. 1 ; *Hirshfeld* v. *Fitzgerald*, 157 N. Y. 166.) Uncontradicted facts with the logical deductions therefrom, all pointing in the same direction, present a question of law for the court, and not a question of fact. (*Jerome* v. *Q. C. C. Co.*, 163 N. Y. 351 ; *O'Brien* v. *E. R. B. Co.*, 161 N. Y. 539 ; *Ostrom* v. *Greene*, 161 N. Y. 353 ; *Griggs* v. *Day*, 158 N. Y. 1 ; *Caponigri* v. *Altieri*, 164 N. Y. 476.) The Appellate Division having, by its amended order of reversal, stated in the body of the order that the reversal was upon the grounds stated in the opinion and made that opinion a part of the order, an examination of the opinion becomes proper and necessary for the purpose of ascertaining the grounds upon which the Appellate Division reversed the judgment of the trial court. (Code Civ. Pro. § 1338.)

WERNER, J. This action was brought to secure an injunction restraining the defendants from polluting the waters of a stream which runs through their factory and from thence over plaintiff's lands. The *locus in quo* is near the village of Milton in the county of Ulster. Defendants are engaged in the manufacture of eiderdown, plush and other fabrics, and use considerable quantities of dye stuffs of various hues, together with the equipment essential to such work. Their factory is located at the confluence of two streams about 300 feet west of the Hudson river. The water of one of these streams is pure and clear as it comes to the defendants' land through a succession of ponds. The water of the other stream is polluted by the drainage of sewers, cesspools and water closets. Soon after the establishment of their factory in 1886 the defendants found it impracticable to use the waters of both streams, and they built a sluiceway to carry the water of the northwest or polluted creek around their factory and to a point in the stream below the same. The water of the southwest or pure stream has been used by the defendants for all the purposes incident to their business, and after such use has been discharged into the stream below in various stages of dis-

coloration and pollution. In this condition it flows across the plaintiff's premises, which consist of a lot of irregular shape containing about one-half an acre of land, with a frontage of about seventy-five feet on the side bounded by the waters which meet below defendants' factory, and from thence flow into the Hudson river. The fact that the action has been tried four times, and as often appealed, bears ample testimony to the earnestness of purpose and intensity of feeling with which the contest has been waged to its present stage. A general historical review of the case would portray a fine study in the vicissitudes of litigation, but as we must confine ourselves to the consideration of the questions of law presented upon this appeal, we shall recite only such facts as are pertinent to those questions. After the second trial and appeal the Supreme Court at Special Term settled for submission to a jury the following questions: 1. "Is the use which the defendants in the operation of their factory make of the waters of the stream, mentioned in the complaint, a reasonable one?" 2. "Is the water so polluted by the operation of the defendants' factory as to render it unfit for use for manufacturing, mechanical or domestic purposes?" Upon the trial, which resulted in the judgment from which this appeal is taken, the jury answered the first of these questions in the affirmative and the other in the negative. In other words, the findings of the jury were in favor of the defendants upon the sharply-defined issue presented by the evidence. As the action was brought on the equity side of the court the findings of the jury were, of course, purely advisory for the purpose of aiding the court. The learned trial judge adopted the findings of the jury and directed judgment dismissing the complaint upon the merits. An appeal was taken to the Appellate Division, which resulted in a reversal of the judgment rendered in the trial court. The order of the Appellate Division was silent as to the grounds of reversal. Upon appeal to this court the case was, therefore, controlled by the presumption that the judgment of the trial court had been reversed upon questions of law and not upon questions of fact. (Sec. 1338, Code Civ. Pro.) Shortly before

the argument of the appeal in this court the respondent herein
applied to the Appellate Division to so amend its order as to
show that the reversal of the judgment of the trial court was
upon the facts as well as the law. The learned Appellate
Division thereupon amended its original order of reversal
by stating "that said judgment be, and the same hereby is,
in all respects reversed, vacated and set aside upon the grounds
stated in the opinion of Justice PUTNAM, delivered herein, and
which is hereby made a part of this order and a new trial
granted, with costs to abide the event of the action." The
question presented by this amended order is whether the
opinion referred to can be considered as a statement in the
body of the order appealed from, that the judgment of
the trial court was reversed upon the facts. It is a rule of
practice too well settled to require discussion that appellate
courts will not look to the opinions of the lower courts for
the grounds of their decisions. In this case, however, the
opinion of the learned justice who spoke for the Appellate
Division is made a part of the order of that court and this
circumstance is, doubtless, relied upon to take the question
out of the operation of the general rule. The question
whether such an order is in compliance with section 1338 of
the Code of Civil Procedure has only once been presented to
this court since the amendments to the Code necessitated by
the constitutional changes of 1895 affecting the jurisdiction of
this court. In *Matter of Laudy* (148 N. Y. 409) a certificate
of the General Term was presented showing that a surrogate's
decree had been reversed upon the grounds stated in the
opinion, and the opinion indicated that the reversal was upon
questions of fact. In criticising this practice this court said,
" the case has been argued in this court upon the merits, and
we have concluded to treat the judgment of reversal as having
been made upon the facts, but we wish it to be distinctly
understood that this conclusion is not to be regarded as a prece-
dent or as holding that the certificate is a compliance with the
provisions of section 1338 of the Code (Civ. Pro.), which pro-
vides that upon an appeal to the Court of Appeals from a

judgment, reversing a judgment entered upon the report of a referee or a determination in the trial court; or from an order granting a new trial, upon such a reversal; it must be presumed that the judgment was not reversed, or the new trial granted, upon a question of fact, unless the contrary clearly appears in the record body of the judgment or order appealed from. We think that the General Term ought to be able to determine whether their reversals are made upon the facts or the law, and that this court ought not to be compelled to go to the opinion for the purpose of determining that question." This criticism is even more applicable to the case at bar than it was to the case then before the court, because the opinion referred to in the order now under consideration is susceptible of different constructions and judges may differ upon the question whether it indicates that the reversal of the judgment rendered by the trial court was upon the law or the facts, or both. Under these circumstances we cannot condone and adopt the practice which we are forced to condemn. The only alternative left us is to reiterate the rule announced in the *Laudy* case and while insisting upon its observance by others to consistently obey it ourselves. In arriving at this conclusion we have not overlooked the earlier cases of *Tolman* v. *S., B. & N. Y. R. R. Co.* (92 N. Y. 356) and *Snyder* v. *Snyder* (96 N. Y. 92) in which the practice now disapproved seems to have been regarded as proper. Those cases were decided at a time when this court had power to review facts in cases where the General Terms of the state had reversed judgments of trial courts upon questions of fact. There was not then the same reason for unyielding adherence to the rule that there is now when the jurisdiction of this court is confined to questions of law. If it were necessary to justify our apparent overruling of the two cases last cited upon any other grounds than those above stated we could easily do so for the same reasons which differentiate the *Laudy* case from the case at bar. In each of the cases referred to this court held that the opinions clearly indicated a reversal upon facts as well as law, while here, as we have seen, we are asked to

construe an opinion as to the true meaning of which the learned Appellate Division does not seem to have been entirely satisfied. Had there been no doubt upon that subject it would have been quite as easy for that court to have made an order in accordance with the fact as to have made the order which is now before us. We have then a case in which the judgment of the trial court must be deemed to have been reversed by the Appellate Division only upon questions of law, and the facts must be taken as found by the trial court unless there is no evidence to sustain the finding. Whether there is such evidence is a question of law which this court has a right to consider. (*Nat. Harrow Co.* v. *Bement & Sons,* 163 N. Y. 505.) For the purpose of deciding this question of law this court is bound to take as true the evidence most favorable to the party who prevailed upon the trial. (*Canda* v. *Totten,* 157 N. Y. 281.) Under this rule there is no escape from the conclusion that there was evidence enough to sustain the findings of the jury adopted by the trial court. The question before us is not whether a different result ought or might have been reached nor yet whether this court deems the findings to be in accord with the weight of testimony, but simply whether there is evidence which, if accepted as true, will sustain the verdict. The trial court having found upon such evidence that the defendants' use of the stream in question was a reasonable one and that such use does not render the waters thereof unfit for manufacturing, mechanical or domestic purposes, we cannot say it is otherwise. The right of the parties to a review of conflicting evidence ended in the Appellate Division. The next question affecting the merits which we are called upon to consider is whether the conclusion of law found by the trial court is sustained by the facts as established. The inexorable logic of the facts found leads to a single and inevitable conclusion of law. If the defendants' use of the stream was reasonable and did not pollute it to such a degree as to render it unfit for the purposes mentioned, then plaintiff suffered no injury and he was entitled to no relief. In this view of the case, a view which this court is compelled to

accept by the jurisdictional limitations above referred to, it would be unprofitable to discuss the rights of riparian owners generally or of these litigants . specifically as applied to a state of facts and findings open to complete review. Upon the merits, therefore, the position of the defendants is impregnable and it simply remains to determine whether there are any exceptions to the rulings at the trial, either in receiving or rejecting evidence, or in the charge to the jury, which will enable the plaintiff to sustain the order of the Appellate Division. This being an equity case the old chancery rule is to be applied that this court will not regard exceptions which do not affect the merits, and this relates as well to alleged errors in the charge as to other rulings. (*Vermilyea* v. *Palmer*, 52 N. Y. 472.) The fact that issues were framed and submitted to a jury does not change the rule. The findings of the jury were not binding upon the trial court until they were adopted by the court, and from thenceforth all proceedings, including the practice on review, were the same as though no jury had. been called in. (*Vermilyea* v. *Palmer*, *supra* ; *Carroll* v. *Deimel*, 95 N. Y. 253 ; *Clark* v. *Mosher*, 107 N. Y. 118.) The plaintiff complains of the admission of evidence tending to show that the "north branch" of the stream was polluted by others than the defendants. It is true, as suggested by the learned counsel for the plaintiff, that no degree of pollution by others would justify an unlawful or unreasonable use of the stream by the defendants ; but it is obvious that this evidence was competent for the very purpose of enabling the jury and court to determine whether such use was reasonable. The evidence of the number of hands employed by the defendants was competent as bearing upon the extent of defendants' business, which in turn had a direct bearing upon the question at issue. The evidence of the witness Drake, as to the effect of water taken at "Wappingers Falls" for use in the boiler of the steamboat upon which he was employed, was competent to show the effect upon steam boilers of water similar to that which issued from defendants' factory. It was made competent by the testimony

previously given as to the effect of the waters of this stream upon the locomotive boilers of the West Shore Railroad Company. The fact that Drake's testimony related, in part, to waters not taken from this stream, but from a stream containing similar waters, might affect its weight, but not its competency. The evidence of defendants' witness Frances, relating to negotiations between the parties previous to the trial, is not so clearly admissible. We think it was competent for the purpose of enabling the court to determine the extent and the character of the relief, if any, to which the plaintiff might be entitled. If it was not admissible for that purpose, it was harmless as against the plaintiff, since it tended to establish an offer to compromise, from which the plaintiff could at least argue there was an implication of liability against the defendants. But beyond that, the fact that the jury and court have found that defendants' use of the stream was reasonable, is a complete answer to the objection under this head. The charge of the court in respect to the use which was made of plaintiff's land was not erroneous. The judge was careful to say that the failure to put that land to any beneficial use was no defense to an unreasonable and improper use of the stream by the defendants, but that the fact might be considered in determining whether defendants' use of the stream was reasonable and proper. In the course of the trial the plaintiff, through his counsel, disclaimed any right to recover substantial damages. The relief sought was a permanent injunction. In deciding whether this drastic remedy should be applied it was the duty of the court to ascertain whether defendants' use of the stream was reasonable or not. The decision of this question depended not alone upon the extent and nature of the impurities projected into this stream, but upon the location of plaintiff's land, the use to which it was devoted, the effect upon it of any impurities in the stream, and the extent to which the pollution of the waters may have been attributable to other sources and causes than those charged in the complaint. All of these matters bear upon the question of reasonable use.

We, therefore, conclude that the order of the Appellate Division must be reversed and the judgment entered upon the decision of the trial court affirmed, with costs.

GRAY, O'BRIEN, MARTIN and CULLEN, JJ., concur; PARKER, Ch. J., not voting; LANDON, J., not sitting.

Ordered accordingly.