JOHN HEY and ANN HEY, Respondents, v. GERHARD COLLMAN, Appellant.

*Private road — what user thereof will be presumed to be adverse — when a purchaser is not protected by the Recording Act — proof of measure of damages for an obstruction of the way, although the land has not been leased — equity will not consider an exception not meritorious.*

Evidence that the owner of a farm, distant half a mile from a highway, for a period of over twenty years used a road over the lands of another for the purpose of obtaining access to the farm, and that such user was continuous, open and exclusive as of right, and not by virtue of a license, is sufficient, in the absence of objection or assertion of dominion, to establish the presumption that the user was adverse.

*Quære,* whether such presumption is rebuttable.

A purchaser of the lands across which the road passes is not protected by the Recording Act (1 R. S. 756, § 1; Laws of 1896, chap. 547, § 241) against the assertion of the easement obtained by the adverse user of the road, where it appears that, at the time of such purchase, the road was physically defined and apparent.

In an action brought by the owner of the dominant tenement against the owner of the servient tenement to establish the right of way, the objection that damages could not be awarded for the time that the right of way was entirely obstructed, based upon a comparison of the rental values of the dominant tenement, with the road of access and without such road, during the period of obstruction, because the property had not been rented, is untenable.

On an appeal from a judgment rendered in an equity case, the Appellate Division may disregard an exception to the admission of incompetent evidence where there is sufficient unobjectionable evidence in the case to support the judgment.

APPEAL by the defendant, Gerhard Collman, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Orange on the 24th day of February,

1902, upon the decision of the court rendered after a trial at the Orange Special Term.

The action was commenced December 19, 1899, and the complaint alleges that the defendants obstructed the right of way referred to therein May 4, 1897.

*Henry Bacon* [*John J. Beattie* with him on the brief], for the appellant.

*M. N. Kane,* for the respondents.

JENKS, J.:

This is an action to establish a right of way appurtenant to the lands of the plaintiffs in a road over the lands of the defendant and to recover damages for the obstruction thereof. The learned Special Term (DICKEY, J., presiding) *inter alia* found that from April, 1873, the plaintiffs had used the road continuously, uninterruptedly and exclusively in reaching their farms, and that such use was open, notorious, uninterrupted, undisputed, under claim of right, and adverse to the predecessors in title of defendant's land during all that time.

In *Nicholls* v. *Wentworth* (100 N. Y. 455) the court say : " The doctrine that the owner of one tenement may acquire an easement over the premises of another by the open, notorious and adverse occupation thereof, under a claim of right for a period of twenty years, is too well settled by the authorities to permit of any dispute." In *Lewis* v. *New York & Harlem R. R. Co.* (162 N. Y. 202, 223) the court, per VANN, J., say : " Prescription rests upon the presumption of a lost deed, after adverse use and enjoyment for twenty years, which has been adopted by the courts as the prescriptive period from analogy to the Statute of Limitations." The evidence for the plaintiffs shows that their farm was distant half a mile from the highway, which was gained from this road over the lands of the defendant ; that the plaintiffs have owned and occupied the farm since April 1, 1873 ; that the entire tract was formerly owned by Noble ; that the road was part of an ancient road called the Noble Forge road, which had been in existence and use for many years prior to 1873, and that the plaintiff and his family, since occupancy

of the farm, had used the road continuously as the sole access, without interference or question until the hindrance by the defendant now complained of.

I think that the court was justified in its finding that the use was open, notorious and adverse. Certainly the evidence warranted the finding that the user was open and notorious. And as to " adverse," in *Ward* v. *Warren* (82 N. Y. 265), the court, in speaking of the phrase that the user must have been with the " knowledge and acquiescence of the owner," construes it as opposed to a use which is clandestine and by stealth. Moreover, the continuous, open and exclusive user for all purposes of access for the period in question, as of right and not by virtue of license, would seem sufficient, in the absence of objection or assertion of dominion, to establish the presumption that the user was adverse. Such use was the open and constant exercise of the very right which the plaintiffs claimed, and, in the absence of opposition or objection, the plaintiffs were not called upon to manifest any further evidence that their claim was adverse. (*Hammond* v. *Zehner*, 21 N. Y. 118, 121; Washb. Ease. [4th ed.] 156, 164.) In *Colburn* v. *Marsh* (68 Hun, 269, 272; affd. on opinion below, 144 N. Y. 657) the court say : " We suppose it to be entirely settled as the law of this State that not only does the conclusive presumption of grant arise from the fact of open, notorious, uninterrupted, undisputed and adverse user of such an easement, but that every user — in other respects answering the definition given — is presumed to have been under claim of title and adverse, and that the burden is upon the party alleging that the user has been by virtue of a license or permission to prove that fact by affirmative evidence." Even if the presumption is not *juris et de jure* (See, in addition to *Ward* v. *Warren, supra,* Washb. Ease. [4th ed.] 134; *Parker* v. *Foote,* 19 Wend. 309 ; *Coolidge* v. *Learned,* 8 Pick. 504; *Lewis* v. *New York & Harlem R. R. Co., supra,* 204) and rebuttable, the evidence of the defendant is not sufficient to warrant the disturbance of the decision of the learned Special Term.

The learned counsel for the defendant contends that the use could not be adverse because it began in license, *i. e.,* under a lease to a predecessor of the plaintiffs, and continued thereunder. This proposition must be based upon the fact that such lease was established. Whether the lease ever existed depended upon the evidence of a

single witness, who testified that such predecessor once showed him a lease, but that he was not " close enough to read it." He is not corroborated in any respect. The further contention that the defendant was protected under the Recording Act (1 R. S., 756, § 1; Laws of 1896, chap. 547, § 241), under the rule of *Taylor* v. *Millard* (118 N. Y. 244), cannot prevail in the face of the evidence that the road was physically defined, apparent, across the lands of the defendant. (*Lampman* v. *Milks*, 21 N. Y. 505, 507.) *Taylor* v. *Millard* (*supra*) dealt with a use that had no visible sign or existence, and nothing was apparent to a purchaser.

Nor are the plaintiffs estopped in that a witness testified that when the property of the defendant was sold to him at public vendue, the plaintiff, John Hey, was present, and was not heard by the witness to make any claim to any right of way. On cross-examination that witness stated that all that occurred was that the property was put up and sold. The cases relied upon by the learned counsel for the appellant may be discriminated. In *De Herques* v. *Marti* (85 N. Y. 609) the person estopped had formally declared that she did not own the house subsequently sold. In *Trustees, etc.,* v. *Smith* (118 N. Y. 634) there were positive declarations by the trustees, and in *Mattes* v. *Frankel* (157 N. Y. 603) the vendor made affirmative representation as to the right of way. The quotation made by the learned counsel from the last case is from the dissenting opinion, and, moreover, is limited to the hypothesis that the premises were offered for sale with a right of way. The objection taken to the testimony of statements made to the plaintiffs by Stephen A. Burt presents a more serious question. The testimony was to the effect that Burt, the predecessor of the defendant, said to the plaintiffs that they might make all of the improvements to the road that they wished for their own convenience. But even if the evidence was erroneously admitted, I think the judgment should stand. The learned counsel for the appellant submits that such testimony cannot be deemed unimportant because it was made the basis of a finding that the public highway tax had, with the knowledge of defendant's predecessor in title, been worked out upon this road instead of a highway. But I do not think that this finding was necessary to support the judgment. Further, the learned counsel says that " absolutely the only evidence of the knowledge of the predecessors

in title is furnished by (this) testimony." But the evidence was sufficient for the reasons already stated to warrant the finding that the use of the way had been open, notorious, uninterrupted, undisputed and adverse, and in such case the owner of the servient tenement is not permitted to defeat the easement by simply showing that he did not have knowledge of it. (*Ward* v. *Warren, supra,* 268.)

It is further objected that it was error to permit the plaintiffs to prove that various other persons went over the road, because such proof was inadmissible to establish the claim of the plaintiffs to a private way. Washburn, in his treatise on Easements and Servitudes (4th ed. 163), lays down the rule : " If the way is used in common with others, it negatives the idea of a presumption in favor of an individual, and does not thereby establish a private way ; though the right of way, as a private one, may be established by showing it to be public, since the latter embraces the former." I think that there is unobjectionable evidence which warrants the finding of the court. As to testimony which might have been properly excluded the rule is that in an equity case the court will not regard an exception which does not affect the merits. (*Townsend* v. *Bell,* 167 N. Y. 462, 470.) The objection that the court could not award damages for the time that the road was entirely obstructed, based upon a comparison of the rental values of the farm with the road of access and without it, during the period of obstruction, because the property had not been rented, is not well taken. (*Mortimer* v. *M. R. Co.,* 8 N. Y. Supp. 536, 538; affd., 129 N. Y. 81.)

The judgment should be affirmed, with costs.

GOODRICH, P. J., BARTLETT, WOODWARD and HIRSCHBERG, JJ., concurred.

Judgment affirmed, with costs.