GEORGE BUSHEY, Respondent, *v.* WILLIAM SANTIFF, Appellant.

*User of a right of way — essential to a title by prescription — defined line of travel necessary.*

The user, which will create an easement over the lands of another by prescription, must be open, notorious, visible, uninterrupted and undisputed, exercised under a claim of right adverse to the owner, acquiesced in by him, and must have thus existed for a period of at least twenty years.

After a user which complies with these requirements the owner is charged with notice and his acquiescence is implied.

There can be no prescriptive right to pass over another's land in a general manner, and where a right of way by prescription is claimed, a certain and well-defined line of travel must be shown.

APPEAL by the defendant, William Santiff, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Lewis on the 9th day of April, 1894, upon the verdict of a jury rendered after a trial at the Lewis Circuit, and also from an order entered in said clerk's office on the 5th day of April, 1894, denying the defendant's motion for a new trial made upon the minutes.

*Merrell, Ryel & Merrell,* for the appellant.

*C. S. Mereness,* for the respondent.

MARTIN, J.:

This action was for trespass in tearing down and breaking fences upon and driving over certain premises occupied by the plaintiff, and to which he had the right of possession.

The defense was that the defendant had a right to the use of an easement or right of way across the farm or premises occupied by the plaintiff, and that the alleged trespass consisted in using it and in removing obstructions placed therein by the plaintiff. The only question litigated upon the trial was, whether the defendant and those under whom he claimed had a right of way across the plaintiff's premises. There was no claim or pretense that any such right of way existed unless it had been acquired by prescription or an uninterrupted user for twenty years.

To create an easement or right of way over the land of another

by prescription or user the user must be open, notorious, visible, uninterrupted, undisputed, under claim of right adverse to the owner, acquiesced in by him, and must have thus existed for a period of at least twenty years. Where, however, the user, for the requisite time, has been open, notorious, visible, uninterrupted, undisturbed, and under claim of right adverse to such owner, he is charged with notice and his acquiescence is implied. (*Parker* v. *Foote*, 19 Wend. 309; *Nicholls* v. *Wentworth*, 100 N. Y. 455; *Ward* v. *Warren*, 82 id. 265; *Hammond* v. *Zehner*, 21 id. 118; *Colburn* v. *Marsh*, 68 Hun, 269.) A prescriptive right of way over another's land generally, without any defined line of travel, cannot be acquired either by the public or by an individual, and where a way is claimed by prescription, that there has been a certain and well-defined line of travel should be shown. (*Holmes* v. *Seely*, 19 Wend. 507, 511; Elliott on Roads & Streets, 137; *South Branch R. R. Co.* v. *Parker*, 41 N. J. Eq. 489; *Bryan* v. *City of East St. Louis*, 12 App. Ct. Rep. [Ill.] 390; *Owens* v. *Crossett*, 105 Ill. 355.)

The court submitted to the jury the question whether there had been such a user of the claimed right of way, and the jury found that there had not.

A careful examination of the evidence renders it quite obvious, we think, that the question whether the defendant and those under whom he claimed had acquired, by user or prescription, a right of way across the premises in question, was for the jury. The evidence tended to show that within eight years of the time of the trial, persons occupying the premises had locked up the gate across the claimed right of way next to the highway, and when torn down that it was nailed up again on one or two occasions. It also disclosed that at the point where the claimed right of way reached the highway it was changed a distance of more than eleven rods during the time in which the defendant claims a right of way was acquired by prescription, and that such change was less than twenty years before the trial. As the defendant sought to defend his trespass by setting up a prescriptive right, he was bound to show such right to the extent of user claimed, or his defense failed. (*Am. Bank Note Co.* v. *N. Y. E. R. R. Co.*, 129 N. Y. 253.)

As no other questions are raised by the appellant, it follows, we think, that the judgment should be affirmed.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment and order affirmed, with costs.