## WINNE v. WINNE.

(Supreme Court, Appellate Division, Third Department. May 20, 1904.)

Appeal from Trial Term, Albany County.

Action by Mary A. Winne against Herbert Winne. From a judgment for defendant (82 N. Y. Supp. 647), plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Charles Irving Oliver (Lewis E. Carr, of counsel), for appellant.
Bailey & Sturges (P. C. Dugan, of counsel), for respondent.

PER CURIAM. Judgment affirmed, with costs.

CHASE, J. (concurring). Although Francis Winne owned all the real property over which the road in question was maintained, it had previously been divided into separate farms, and at the time of his death his son Jurian Winne, one of the devisees in his will, occupied one of the farms as his tenant. By the will Francis Winne treated his real property as separate farms. One he called the "John Winne Farm" and the other he called the "Homestead Farm." While one cannot have an easement in his own property, the rights which one creates or continues over one portion of his property in favor of another are properly spoken of as quasi easements, and the portions of the estate as quasi dominant and quasi servient. Am. & Eng. Ency. of Law, vol. 10, pp. 419–426. Each of the two farms constituting Francis Winne's real property were in his lifetime charged by him with such quasi easements. At the time the will was made, and thereafter until Francis Winne died, such quasi easements were used by him and by Jurian Winne as a tenant on the John Winne farm, and ·also by others, for the benefit of each farm, and such. quasi easements materially affected the value of the separate farms. See Spencer v. Kilmer, 151 N. Y. 398, 45 N. E. 865. It does not seem necessary to say that such road so openly used across said farms was such an es-

88 N.Y.S.—40

sential or reasonably necessary use as to ripen into a burden or benefit on the devisees taking title, respectively, to the farms under said will. The devisees used said road as it had been used for many years prior thereto. They continued to use the road at pleasure, worked the same as country roads are commonly worked, and treated the same as essential to the reasonable use and enjoyment of their farms respectively. Their use of such road, as disclosed by the record, is a practical construction by themselves of their rights under the will of their father, and a determination that the quasi easements had become easements attached to their farms respectively. The finding of the court "that such use by both of them was continuous and uninterrupted, and was continued with the knowledge and acquiescence of the owners and occupants of both such farms for a period of over forty years," is sufficient, under the circumstances, to sustain the conclusion of the trial court that the defendant now has a private right of way across the plaintiff's land.

Judgment affirmed, with costs.

PARKER, P. J., concurs. CHESTER, J., votes for affirmance on opinion of Herrick, J., in the trial court.

HOUGHTON, J. (dissenting). I cannot concur in the reasoning of either of the opinions upon which this judgment is affirmed. It seems quite plain that neither of the brothers took title to his own farm under the will of his father, burdened with an actual easement of a right of way in favor of the other; nor do I think there was any quasi easement which gave to either that right. The question for determination, therefore, is whether each gained, as against the other, after both acquired title from the common source, a prescriptive right to pass over the lands of the other. No question of actual necessity for use is presented, for the buildings upon each farm had an outlet to separate public highways. Title to an easement by prescription presupposes a grant, and a grant is presumed because the use is adverse to the rights of the owner of the land. The ordinary requisites for the creation of an easement by prescription are that the use must be adverse to the knowledge of the person against whom it is claimed; or it must be by a use so open, notorious, visible, and uninterrupted that knowledge will be presumed; and that must be exercised under a claim of right adverse to the owner, and acquiesced in by him for the proper period of time. It is true that there need not be a claim of right in words, or a declaration that the use is adverse, or an admission on the part of the landowner that he has knowledge of the adverse use and claim of right. The nature of the use and the knowledge of the landowner may be inferred from the manner, character, and frequency of the exercise of the right and the situation of the parties. Jones on Easements, § 164. The peculiar characteristic of the acquiring of an easement by prescription is that it shall be a hostile use—a use against the rights and in violation of the rights of the owner. If this characteristic is wanting, and the use is shown to be in fact, or by the circumstances connected with it, by license or permission or accommodation, then it can never ripen into

a prescriptive right. The distinction between that use which may ripen into an easement and that which originates in license and can never have that effect is often difficult to distinguish. In Pierrepont v. Barnard, 6 N. Y. 286, the court, quoting from Kent, J., says:

"A claim for an easement must be founded upon grant by deed or writing, or upon prescription, which supposes one; for it is a permanent interest in another's land, with a right at all times to enter and enjoy it. But a license is an authority to do a particular act or series of acts upon another's land, without possessing any interest therein. It is founded in personal confidence, and is not assignable. This distinction between a privilege or easement carrying an interest in land, and requiring a writing within the statute of frauds to support it, and a license, which may be by parol, is quite subtle, and it becomes quite difficult, in some of the cases, to discern a substantial difference between them."

The cases of Martin v. Houghton, 45 Barb. 260, and Haight v. Badgeley, 15 Barb. 502, and Bennett v. Biddle, 140 Pa. 403, 21 Atl. 363, and Hall v. McLeod, 2 Metc. (Ky.) 98, 74 Am. Dec. 400, well illustrate the force given by the courts to neighborly accommodation and family intimacy and brotherly confidence in establishing an actual or presumptive license to use the lands of another.

To my mind the evidence establishes the fact that this right of way was used by each brother with permission of the other, rather than that each used it in hostility to the rights of the other. The two farms, which were used as one by the father, were devised to the two brothers separately, and they were directed to divide the land equally. They found the roadway which their father and neighbors had used. Each continued to use it over his own land as well as that of his brother. There is not a syllable of proof that they ever had any differences over the right of way or any other matter. In an action for services and use of personal property between near relatives, the rule of strict and satisfactory proof that there was an actual bargain to pay, in order to overcome the presumption of voluntary service and accommodation, is universally applied by the courts. This is done because the presumption is that near relatives perform services and loan property to be used from affection and kindness rather than with expectation of pay. I see no reason why this same rule should not apply to the passing over real property for convenience. If one of these brothers, living as they did, had sued the other for the use of a plow or a reaper, the courts would have required strict proof that there was expectation to receive and make payment, and this for the reason that it would be presumed that it had been loaned as an accommodation. So, too, it seems to me, must it be said that the use by one of the farm of the other for the purpose of convenient passage must be deemed to have been by permission, rather than by hostility. An open, notorious, continuous use of land by a stranger, unexplained, for the period of 20 years, raises a presumption that the use was hostile. But the use is here explained by the circumstances and relations of the parties. In addition, the findings of the court are not sufficient to sustain the judgment. The only conclusion to which the trial court came, as evidenced by his findings, was that there was a continuous and uninterrupted use for the requisite period with the knowledge and acquiescence of the owners. This

is not a finding that there was an adverse possession and use which would ripen into an easement, nor one sufficient to sustain that conclusion. Kneller v. Lang, 137 N. Y. 589, 33 N. E. 555; Heller v. Cohen, 154 N. Y. 311, 48 N. E. 527; Lewis v. N. Y. & H. R. R. Co., 162 N. Y. 221, 56 N. E. 540.

The judgment should be reversed, and a new trial granted.

SMITH, J., concurs.