(63 Misc. Rep. 564.)

### NELLIS v. COUNTRYMAN.

(Supreme Court, Special Term, Montgomery County. June, 1909.)

EASEMENTS (§ 10*)—RIGHT OF WAY—CREATION BY PRESCRIPTION.

An owner of 12 acres of land, on which there was no residence, which extended to a highway at a point where there was so steep a bluff that, without a roadway, the owner was unable to obtain access to it, for

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

about 50 years, whenever necessary, but yearly, for the purpose of drawing wood or crops, or going on the lot to cultivate a portion of it, he had to pass over an adjoining lot, and the route of travel had generally been between two barways, one at each end of the route, but not on an exact line, the course of travel varying slightly from year to year. *Held* sufficient to establish a right of way for the purpose indicated.

[Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 27–32; Dec. Dig. § 10.*]

Action by Bruce Nellis against Jay Countryman. Judgment for plaintiff.

Edward R. Hall, for plaintiff.
A. M. Mills, for defendant.

VAN KIRK, J. The plaintiff owns a lot, containing about 12 acres lying between the highway known as the "Krings Bush Road" and lands of the defendant. Because the defendant has insisted upon his right to pass from his own lands across the 12-acre lot to reach said highway, this action is brought.

The facts of the case are simple and practically undisputed. The plaintiff's lot we will call the "Nellis lot," and the defendant's lot the "Countryman lot." The Countryman lot has not, for many years at least, been occupied by any residence; but, as long as the memory of any witness on the stand goes back, the owner of the Countryman lot has been accustomed to pass from that lot across the 12-acre lot. There being no residence upon the Countryman lot, and only a few acres upon it being cleared, the passing to and fro over the Nellis lot has been comparatively infrequent; but yearly, and whenever occasion arose, either for the purpose of drawing wood, manure, or crops, and for going to and from the lot to cultivate a portion of it, the ordinary passage has been over the Nellis lot. The Countryman lot reaches the Lasalleville road on its northwest side; but, near said Lasalleville road, running across the Countryman lot, is an abrupt bluff or bank, so steep that, without the construction of a roadway at considerable expense, it is practically impossible to pass from the Lasalleville road on to the Countryman lot above the bluff. The travel from the Countryman lot to the Nellis lot has been through a barway or gateway. There was some proof that, when a gate was in existence at this point, a chain and padlock were used; but, when used, the key was held by the owner or occupant of the Countryman lot. For a good many years the place of exit from the Nellis lot to the Krings Bush highway was at different points, sometimes varying a distance of 300 or 400 feet, one from the other; but some 30 years ago the Allen barn was erected, and since that time the exit from the Nellis lot to the highway has been through a barway just easterly of the Allen barn. Since that barway was constructed, sometimes in the winter, wood has been drawn from the Countryman lot across the Nellis lot, and the highway reached from the Nellis lot, at another place than through this latter barway; but the travel generally has been through the barway east of the Allen barn. The travel has gone generally between the two barways, but not upon an exact line. Apparently there has not

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

been sufficient travel to make a well-beaten track, although the line of travel between the two barways has varied but a few feet. There has never been a fenced right of way; and, whenever the Nellis lot has been plowed and cultivated, no right of way or driveway has been left unplowed; but at such times the travel from the Countryman lot across the Nellis lot crossed over the plowed land and through the crops. The evidence discloses that there has been an open, notorious crossing on this lot for more than 50 years, and for the last 30 years, excepting occasionally in the winter, that crossing has been had between the two barways along the Allen barn in practically a direct line therefrom to the barway in the Countryman-Nellis line. The photographs put in evidence show wheel tracks through apparently soft soil between the two barways, upon a line not directly straight, but approximately so. The parties agree that the only question in the case is whether or not the defendant has a right of way or of private passage, by prescription, across the plaintiff's lot.

To create an easement or right of way over the land of another by prescription or user, the user must be open, notorious, visible, uninterrupted, undisputed, under claim of right adverse to the owner, acquiesced in by him, and must have thus existed for a period of at least 20 years. Bushey v. Santiff, 86 Hun, 385, 33 N. Y. Supp. 473. Such travel as has passed over the plaintiff's lot has been open, notorious, visible, undisputed, uninterrupted. Though the travel has not been constant, as would be the case if a family had resided upon the Countryman premises, yet it has been uninterrupted, whenever occasion arose for passing across the Nellis lot to the Countryman lot; and such travel has existed for more than 20 years. It does not appear that this right to travel across the Nellis lot has ever been disputed until this plaintiff disputed it just prior to the beginning of this action. Not only does the conclusive presumption of a grant arise from the fact of open, notorious, uninterrupted, and adverse user of such an easement, but every such user is presumed to have been under claim of title adverse to the owner, and the burden is upon the party to show that the user has been by virtue of a license or permission, to prove that fact by affirmative evidence. Colburn v. Marsh, 68 Hun, 269, 22 N. Y. Supp. 990, affirmed 144 N. Y. 657, 39 N. E. 857, on the opinion of General Term.

There has been no location of a driveway reserved from cultivation for a right of way across the Nellis lot from the Countryman lot. A prescriptive right of way over another's land generally cannot be acquired without a defined line of travel; and, where a way is claimed by prescription, the burden is on the party maintaining the right of way to show that there has been a certain and well-defined line of travel. Bushey v. Santiff, 86 Hun, 384, 33 N. Y. Supp. 473. While there never has been any continuous, well-defined beaten track across the Nellis lot to the Countryman lot, the two barways have defined the beginning and end of the passageway for 30 years, and the line of travel from one to the other has varied but slightly from year to year. If such a right can be acquired by prescription, then the right has been acquired to travel across this lot between these two barways. A right of way by necessity over the Countryman lot across the Nel-

lis lot does not exist (Ogden v. Jennings, 62 N. Y. 526; Girard, Titles [4th Ed.] 765), and is not claimed. There has never been any obstruction which interfered to stop this private passage or right to cross the Nellis lot. Though the land was plowed and crops put in, private passage was enjoyed over the plowed ground or through the crops without protest or hindrance. The right of private passage between the two barways has been asserted by the owner of the Countryman lot and recognized by the owner of the Nellis lot at all times and under all conditions during the 30 years immediately before this action was begun. The statutory rule which requires a substantial inclosure or cultivation or improvement as a necessary condition of adverse possession has no application to an easement as of passage. Colburn v. Marsh, 68 Hun, 272, 22 N. Y. Supp. 990.

I, therefore, have concluded that a right of way or of private passage over the Nellis lot belongs to the Countryman lot for the purposes for which it has been used, viz., for passing to and from the said Countryman lot for the purposes incident to its cultivation and raising and moving crops and cutting and hauling wood and lumber therefrom. This easement of right of way or of private passage extends between the two said barways or gateways, passing from the highway along the said Allen barn and then in a direct line from the Allen barn to the gateway in the line between the Countryman and Nellis lots, subject to the right to cultivate the entire extent of the Nellis lot. Findings in conformity herewith may be presented for signature.

Ordered accordingly.