(153 App. Div. 500.)

### NELLIS v. COUNTRYMAN.

(Supreme Court, Appellate Division, Third Department. November 22, 1912.)

1. EASEMENTS (§ 6*)—WAYS—PRESCRIPTION.

   A right of way is not acquired by prescription, where there was no pretense of keeping it in a particular track, but the first driver of the season made a track followed by subsequent drivers, and where the persons went anywhere they chose during the winter, and in summer drove through crops, and where the main travel was in the winter in drawing logs and wood.

   [Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 14, 15, 27–33; Dec. Dig. § 6.*]

2. EASEMENTS (§ 8*)—WAYS—PRESCRIPTION.

   Where a right of way over land of another began and continued for some time under a mutual license between the parties owning the adjoining premises, a prescriptive right of way was not acquired, in the absence of an adverse use for 20 years.

   [Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 23, 24, 27–33; Dec. Dig. § 8.*]

   Kellogg and Betts, JJ., dissenting.

Appeal from Trial Term, Montgomery County.

Action by Bruce Nellis against Jay Countryman. From a judgment dismissing the complaint on the merits (63 Misc. Rep. 564, 118 N. Y. Supp. 596), plaintiff appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

Edward R. Hall, of St. Johnsville, for appellant.
A. M. Mills, of Little Falls, for respondent.

HOUGHTON, J. The action is brought to restrain the defendant from entering upon or crossing certain lands of plaintiff. The defendant justifies on the ground that he has obtained a right thereto by prescription.

It appears that the defendant and his predecessors in title have crossed for more than 20 years the plaintiff's land to a lot in the rear bordering on another highway. The crossing of plaintiff's land was not one of necessity, but of convenience only, because defendant's lot was easier of access across plaintiff's land. A barway or gate had been maintained in defendant's fence between the plaintiff's land and his own. The lands crossed were farm lands, and the line of travel was from one of two gateways upon the highway upon which plaintiff's land abutted to the gateway in the rear; but there was no pretense of keeping to any particular track. The first driver of the season made a track, and when there was one the next followed it, and when there was none they made one. In the winter they went

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

anywhere they chose. In all instances, of course, the general direction was toward the barway of defendant's fence. In summer, they drove through crops, such as wheat, corn, potatoes, and the like. The main travel was in the winter in drawing logs and wood.

The learned trial court found that a right of way existed by prescription, subject, however, to the right of the plaintiff to plow and crop the land and use it in the ordinary way.

[1] We are of opinion there was not any such well-defined right of way as gave the defendant prescriptive title, notwithstanding the defendant's open and hostile use. In Bushey v. Santiff, 86 Hun, 384, 33 N. Y. Supp. 473, it is said:

"A prescriptive right of way over another's land generally, without any defined line of travel, cannot be acquired, either by the public or by an individual; and, where a way is claimed by prescription, that there has been a certain and well-defined line of travel should be shown."

To the same effect is Holmes v. Seeley, 19 Wend. 507.

There is some evidence that $10 was paid for the right to cross, although no written deed or license is produced. It is quite manifest that the witness who so testified did so from hearsay, rather than knowledge.

[2] It is also quite probable, from the evidence, that the alleged right of way began and continued up to the last 16 years before the commencement of the action, when the defendant began to assert his absolute right thereto, under a mutual license between the parties owning the adjoining premises. The predecessors in title of the parties to the action apparently found it convenient to cross each other's lands under such circumstances as to constitute a mutual license. If such was the beginning of the right, it could not ripen into prescriptive title. These neighborly acts ceased after a time, and the defendant's predecessors asserted a right to cross. Such assertion, however, was less than 20 years prior to the beginning of the present action.

We are of opinion the judgment should be reversed upon the facts; the particular questions of fact found by the trial court of which we disapprove being those numbered fourth and fifth.

Judgment reversed upon the facts, and new trial granted, with costs to the appellant to abide the event. All concur, except KEL-LOGG, J., who dissents, and BETTS, J., who votes for affirmance on the opinion of the trial court.