ERNEST S. OLOFSON, Plaintiff, *v.* MARY MALPEDE and Others, Defendants.

Supreme Court, Chautauqua County, July 1, 1926.

Easements — right of way — plaintiff owned five-foot strip of land bordering defendants' hotel property — part of defendants' land has been used by plaintiff and predecessors in connection with plaintiff's land as driveway for more than fifty years — right of way by prescription established — burden on defendants to show that user was not hostile — right of way limited to use of five feet adjoining plaintiff's land.

In an action to restrain the defendants from interfering with a right of way claimed by plaintiff over defendants' hotel property, the plaintiff established a right of way by prescription since it appears that the plaintiff and his prede-

cessors have owned a five-foot strip of land adjoining the defendants' land for more than fifty years, that during all that time the plaintiff and his predecessors have used that strip in connection with about thirty feet on defendants' premises as a driveway, and that the driveway has been used constantly during that period, although a well-defined track has not always been followed. While the evidence shows that the same driveway was used by the public for the purpose of reaching defendants' hotel property still the evidence shows that the plaintiff and his predecessors used the same driveway to reach his premises.

While the rule is that the right of way must be well defined still in this case the width of the right of way is not such as to show a violation of that rule.

The burden was on the defendants to show that the user was not hostile, and not having established that fact it must be presumed to have been hostile.

While the usual practice is to enter a decree for the enjoyment of the use of the premises in the same manner and to the same extent as theretofore enjoyed, in this case the defendant is limited to the amount actually needed for his purposes and accordingly he is given judgment permitting him to use five feet of defendants' premises, which, in connection with his own five-foot strip will give him a driveway ten feet wide.

ACTION to enjoin interference with right of way.

*Russell Rogerson,* for the plaintiff.

*William S. Stearns,* for the defendants.

CROSBY, J.. Plaintiff brings this action to enjoin defendants from interfering with his use of a right of way he claims to have acquired by prescription over property owned by defendant Mary Malpede and operated in connection with a hotel by her husband, Patsy Malpede. Defendant Joseph Malpede is a brother of Patsy, and so far as the proof shows, has little, if anything, to do with the property or the matters here involved.

The facts herein are singularly free from doubt, or even dispute. The properties of both plaintiff and defendants lie on the northerly side of Main street in the village of Sinclairville. Both properties (with others now intervening the two) were once owned by one Benjamin Harrison. Henry Sylvester acquired the land, now owned by defendant Mary Malpede, and for fifty years or so it has been, and now is, occupied by a hotel. The hotel does not cover the entire frontage. Easterly of the hotel building there is an open space of thirty and eight-tenths feet of hotel property leading back to the hotel barn. Next easterly of the hotel's thirty and eight-tenths feet, there is a strip of land, owned by the plaintiff, fronting five feet on Main street and running back one hundred and thirty-three feet (measured from the center of Main street, or about one hundred feet from the north line of Main street); next easterly lies the Snyder meat market lot with twenty feet frontage on Main street and the same depth as the last mentioned parcel; next easterly lies the Libby store lot with twenty-one feet frontage on Main street and the same depth as the last two parcels;

then next easterly comes land of plaintiff, occupied by an auto sales store, thirty-four feet frontage, and the same depth as the last three parcels mentioned.

The Snyder and Libby stores are not built the full depth of their respective lots; but plaintiff's store is built quite or nearly to the back of his lot. The front of the building is used for a salesroom, the back end for a garage. Plaintiff has a right of way from his garage across the back ends of the Libby and Snyder lots out to the five-foot strip of which he owns the fee.

For over fifty years plaintiff and his predecessors in title have used as much of the hotel thirty and eight-tenths foot open space as necessary, or convenient to supplement plaintiff's five feet as a means of passage between Main street and the back end of plaintiff's lot. The owners of the meat market (Snyder property) and the other store (now Libby) have done the same thing. This use has been open and notorious, continuous, uninterrupted and unquestioned until recently when defendants, or some of them, started to build a fence along and close to the east line of the hotel property so as to confine plaintiff to the use of his five-foot strip which would preclude the possibility of plaintiff and his customers getting into his garage with autos. One hundred and thirty-three feet northerly of Main street the hotel property extends easterly along back of the Snyder and Libby properties, and also as I recall back of the plaintiff's lot. The defendants have also built a fence along their southerly line, parallel to Main street and one hundred and thirty-three feet therefrom back of the properties of Snyder, Libby and the plaintiff. This is not a matter of controversy.

Old deeds running from one to another of the plaintiff's predecessors in title mention the right of way across the back of the Snyder and Libby properties and the five-foot strip " to be used in connection with the hotel property for a driveway " or words to that effect. No recognition of such a right of way over the hotel property is found in any of the old deeds of the defendants' predecessors in title, so far as I have discovered. But for fifty years no owner of the hotel property has ever questioned the right of the plaintiff and his predecessors in title to the freest use of the hotel driveway till now.

One or two more facts ought to be mentioned. Plaintiff and his predecessors in title have not always driven their vehicles along any well-defined, certain track. They have driven up and down this driveway, thirty and eight-tenths feet of which is owned by defendant and five feet of which is owned by plaintiff, freely using any or all of it as convenience dictated. Defendants and their

customers, patrons and privies, have used plaintiff's five feet in the same way. The whole thirty-five and eight-tenths foot strip is thoroughly trodden down like a cinder path, by over half a century of constant use.

About one year ago the defendants, or at least the owner, Mary Malpede, and her husband, Patsy, desired a cement driveway, nearly the full width of this thirty-five and eight-tenths feet, to connect the Main street pavement with the cement sidewalk in front of this driveway and asked the plaintiff to contribute one-third of the expense and asked Snyder, the meat market owner, to contribute one-third thereof. Plaintiff's Exhibit 3 corroborates plaintiff's testimony to the effect that he helped with this paving proposition, nearly all of which is in front of the hotel property. This testimony is not disputed. I regard this circumstance as very helpful to plaintiff's contention in this case. Standing alone it is not a matter of great importance; but it indicates what defendants themselves thought about plaintiff's rights, before the parties got to quarreling about something else. After fifty years of the freest use of the driveway by plaintiff and his predecessors in title, defendants ask plaintiff to contribute equitably to the improvement of the driveway, or the approach thereto for their mutual convenience and benefit, and plaintiff complied, without hesitation. Defendants can scarcely be heard to say they did not at that time understand the plaintiff has some rights and interest in the driveway, for nearly all of the improvement is in front of the part of the driveway owned by defendants, and very little, if any, of it is in front of the five-foot strip owned by plaintiff.

In deciding that the plaintiff is entitled to the relief demanded in the complaint, I am not overlooking one or two points that favor the defendants. The property of defendants, for the whole fifty years, has been used as a hotel. The public used this driveway constantly and as a matter of course as open spaces about public buildings are always used by permission of the owners; and it is more difficult to establish that such use of such property is made under claim of right rather than by license. After all, the trucking of drain tile, shingles, etc., by a former owner of plaintiff's lot, and the kind of traffic that has been conducted through this passage must, in fifty years, have called attention of the owners of the hotel to the fact that somebody besides customers of the hotel was using this driveway.

I am aware, too, that the law is well settled that a right of way by prescription cannot be acquired to wander generally and at random over the property of another. Such right can only be acquired by use of a definite and well-defined route. One of the

earliest and clearest expressions of this rule is found in *Holmes* v. *Seely* (19 Wend. 507). Later typical cases, on this point, are *Bushey* v. *Santiff* (86 Hun, 384) and *Nellis* v. *Countryman* (63 Misc. 564; revd., 153 App. Div. 500). But it would seem that the whole passageway in question is a "well-defined" route as that term is used in these authorities. The whole areaway is used so much, by so many people, and by all kinds of vehicles that the ground is all hard and bare, and no ordinary means could be found to make a mark or track that could be distinguished on the surface of the ground. The route is defined by the hotel building on the west and the meat market on the east and I do not regard it as fatal to plaintiff's case that he does not prove that he and his predecessors in title, have, for fifty years, always driven their wagons and autos in exactly the same tracks.

Then, too, defendants' counsel, in an able brief, calls attention to those authorities holding that in order to acquire a permanent right of way by prescription the user must be under claim of right, that is hostile. (*Burbank* v. *Fay*, 65 N. Y. 57; *Wood* v. *Reed*, 30 N. Y. Supp. 112; *Wiseman* v. *Lucksinger*, 84 N. Y. 31; *Cronkhite* v. *Cronkhite*, 94 id. 323.) This rule of law does not mean that every time A uses B's land he must say to B: " I defy you to stop me," but it does mean that, in order to ripen into a prescriptive right the user must be exercised in such a way and under such circumstances that it amounts to a claim of right and a defiance of interference.

I think the plaintiff must have failed at this point had the burden been cast upon him of showing by other proof, than the user itself, that his user and that of his predecessors in title was under claim of right, and hostile to defendants' title. But plaintiff was assisted by another well-settled rule of law — that open and notorious use of one's premises for twenty years and more throws upon him the burden of proving that such user was not under claim of right. Statements of the rule are found in *Heaton* v. *N. Y. C. R. R. Co.* (149 N. Y. Supp. 71, 76); *Hammond* v. *Zehner* (21 N. Y. 118); *Winne* v. *Winne* (88 N. Y. Supp. 625; affd., 184 N. Y. 584). There is no direct proof, either way, on the subject of permission; but defendants have the burden of showing that the user of the hotel property all these years was not hostile and under claim of right. No such proof was made.

A decision for the plaintiff does not harm defendants any, for defendants have to keep this space open in order to use their own premises in the rear.

The usual practice in these cases is to grant a decree for the

enjoyment of the use of premises in the same manner and to the same extent as heretofore enjoyed, but I see no good reason for granting to plaintiff more than he needs. The use of five feet of defendants' premises, with his own, is sufficient for his needs, and the decree may limit him to that. The decree may also provide for the free use by defendants Mary and Patsy Malpede, their heirs, assigns and privies, of plaintiff's five-foot strip.

No case was made out against Joseph Malpede. Complaint may be dismissed as to him.

I think there should be no costs in this case. If costs were awarded to plaintiff against defendants Mary and Patsy Malpede, they would have to be allowed against the plaintiff in favor of defendant Joseph Malpede; and the business and family relations of the several defendants seem to be such that a refusal of costs either way would bring us to about the same result as awarding costs.

I have passed upon requests to find filed by defendants. Findings in accordance with the suggestions herein made may be presented by the plaintiff for signature, and also a decree accordingly.

The counterclaim set up in the answer is dismissed, without costs.