■ MAX GORDON et al., Appellants, v WILLIAM C. THOMAS et al., Respondents.—Casey, J. Appeals (1) from an order of the Supreme Court (Dier, J.), entered March 6, 1991 in Washington County, which, *inter alia,* granted defendants' cross motion for summary judgment and made a declaration in defendants' favor, and (2) from the judgment entered thereon.

At issue on this appeal is whether Supreme Court correctly granted summary judgment in favor of defendants in this action whereby plaintiffs sought, *inter alia,* a declaration that they had an easement by prescription across defendants' land. We conclude that the evidence submitted by the parties raises a question of fact which must be tried.

To establish their right to a prescriptive easement, plaintiffs were required to prove that their use of the roadway at issue was open, notorious, adverse and hostile under a claim of right for a continuous period of 10 years *(see, Brocco v Mileo,* 144 AD2d 200, 201). In support of their motion, plaintiffs submitted affidavits from themselves and their predecessors in title alleging a continuing, open and notorious use of the roadway at issue under a claim of right for the necessary 10-year period. In support of their cross motion, defendants conceded that plaintiffs and their predecessors in title regularly used the roadway to gain access to their property, but defendants alleged that this use was with defendants' permission and that plaintiffs' predecessors in title did not always travel the same path in accessing the property.

Relying upon *Nellis v Countryman* (153 App Div 500), defendants contend that the failure to travel the same path each time defeats plaintiffs' claim of continuous use. In *Nellis,* however, there was no well-defined right-of-way shown by the plaintiff. Here, in contrast, it is conceded that plaintiffs seek to establish a prescriptive easement over an existing, well-defined private roadway which they used on a regular basis. Occasional deviation from the roadway should, in our view, be treated the same as seasonal use, which does not negate the ripening of a prescriptive right *(see, Slater v Ward,* 92 AD2d 667, 668). Because there is sufficient privity so that the use by plaintiffs' predecessors in title can be tacked to that of plaintiffs *(see, supra),* plaintiffs have established continuing, open and notorious use of the roadway for the necessary 10 years.

On the issue of adverse use, Supreme Court concluded that inasmuch as the relationship between plaintiffs' predecessors in title and defendants was cordial, there was an inference that the use of the roadway was by permission. Although

permission will be inferred from neighborly and cooperative circumstances *(Susquehanna Realty Corp. v Barth,* 108 AD2d 909), the affidavit of plaintiffs' predecessors alleges that they did not have anyone's permission to use the roadway, that they believed they had the right to use the roadway and that they rejected defendants' request that they pay a nominal fee for using the roadway. Upon plaintiffs' submission of this evidence, any inference of permission disappeared from the case *(see,* Richardson, Evidence § 58, at 36-37 [Prince 10th ed]). Because defendants' affidavit contains an allegation that they gave plaintiffs' predecessors permission to use the roadway, a question of fact has been raised, precluding summary judgment to either party.

Mahoney, P. J., Levine, Mercure and Harvey, JJ., concur. Ordered that the order and judgment are modified, on the law, with costs to plaintiffs, by reversing so much thereof as granted defendants' cross motion for summary judgment and made a declaration in their favor; cross motion denied; and, as so modified, affirmed.